IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBERT CHERRY,<br><br>Plaintiff,<br><br>v.<br><br>PENDLETON CAPITAL MANAGEMENT,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING ACTION<br>WITHOUT PREJUDICE**<br><br>Case No.: 1:19-cv-00018-HCN-CMR<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This case began on March 6, 2019, when Plaintiff filed a complaint alleging violations of the Fair Debt Collection Practices Act. But it will end, more than sixteen months later, because Plaintiff has failed to serve Defendant with summons and the complaint as required by the Federal Rules of Civil Procedure, has failed to show good cause for not doing so, and has repeatedly failed to comply with this courts orders in a timely and responsive manner. For these reasons, explained more fully below, this action is dismissed without prejudice.

Plaintiff Robert Cherry filed suit against Defendant Pendleton National Management on March 6, 2019. *See* Dkt. No. 2 at 3–7 (Complaint). The clerk's office prepared summons for service the same day that the complaint was filed. *See* Dkt. No. 3. The very next day, the court ordered Plaintiff to "propose a schedule to defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen (14) days after any defendant has appeared or twenty-eight (28) days after any defendant has been served with the complaint." Dkt. No. 4.

More than three months passed without any filings. On June 21, 2020]], Chief Magistrate Judge Warner informed counsel that "[t]he deadline for serving the summons and complaint in

this case has expired, *see* Fed. R. Civ. P. 4(m), and Plaintiff has not filed any proof of service with the court, *see* Fed. R. Civ. P. 4(l)." Dkt. No. 5. Chief Judge Warner ordered Plaintiff to "file a report with the court indicating the status of this case and his intentions to proceed." *Id.* Plaintiff filed a status report representing that he had reached a settlement agreement with the Defendant and that he intended to seek "voluntary dismissal with prejudice within 45 days of this notice." Dkt. No. 6 at 1–2. Plaintiff offered no explanation for his failure to file proof of service.

Three more months passed without any further filing. Chief Judge Warner then ordered Plaintiff to "file a report with the court indicating the status of this case and his intentions to proceed" no later than October 31, 2019. Dkt. No. 7. Chief Judge Warner warned Plaintiff that "[f]ailure to do so may result in dismissal of this case." *Id*. Five days after the October 31 deadline, Plaintiff requested "30 days to file [a] motion to enforce" a settlement agreement. Dkt. No. 10 at 2.

Two months passed without the promised motion being filed. On January 15, 2020, Magistrate Judge Romero ordered Plaintiff "to show cause why the . . . case should not be dismissed for failure to serve and/or failure to prosecute." Dkt. No. 12. Judge Romero directed Plaintiff "to respond to the court in writing no later than January 23, 2020 and inform the court as to the status of the case and intentions to proceed" and warned that "[f]ailure to do so will result in recommendation that the case be dismissed." *Id*.

Two days later, Plaintiff filed a motion to enforce the settlement agreement, but otherwise ignored the order to show cause. *See* Dkt. No. 13. Plaintiff did not even address—let alone justify—his failure to serve Defendant with process.

Service of process and the associated requirement that a plaintiff file proof of service are not optional: "If a defendant is not served within 90 days after the complaint is filed, the court—

on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. Proc. 4(m).

In this Circuit, a court must do two things before dismissing a case pursuant to Rule 4(m). "The court should first inquire whether the plaintiff has established good cause for failing to effect timely service. If the plaintiff has established good cause, the court must extend the time for service." *Dahn v. United States*, 77 F.3d 492, 1996 WL 7813377 (10th Cir. 1996) (unpublished); *see Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Here Plaintiff has failed even to attempt to establish good cause despite Judge Romero's explicit show cause order and Chief Judge Warner's warning more than a year ago that Plaintiff had failed to file proof of timely service as required by Rule 4.

"If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza*, 52 F.3d at 841. *Espinoza* and subsequent decisions indicate that, in exercising its discretion, the court should consider factors such as whether "the applicable statute of limitations would bar the refiled action," whether the Plaintiff is proceeding without counsel, prejudice to defendants, and whether the requirements of service are complex (such as when the United States is a party). *E.g.*, *id.*; *Shepard v. United States Dept. of Veterans Affairs*, No. 19-1313, 2020 WL 3564614, at *2 (10th Cir. July 1, 2020).

In this case two of the considerations identified by the Tenth Circuit do weigh in favor of a permissive extension of the time for service. First, it appears that if the court dismisses

Plaintiff's claim, the statute of limitations may bar a refiled action: most claims under the Fair Debt Collection Act must be brought within one year. *See* 15 U.S.C. § 1692k. Second, Plaintiff's claim that he has reached a settlement agreement with Defendant suggests that Defendant is aware of Plaintiff's claim and thus may not be unduly prejudiced by an extension of the time for service.

The other considerations identified by the Tenth Circuit weight against extending the time for service: Plaintiff is represented by counsel, and the requirement for service here are straightforward since the United States is not a party and there is only one Defendant.

The court also finds that Plaintiff's repeated failure to comply with court orders in a timely and responsive manner—most notably including, but not limited to, his failure to address his failure to file proof of service in his response to Chief Judge Warner's June 21, 2019 order and his complete disregard of Judge Romero's order to show cause why this case should not be dismissed for failure to serve and/or failure to prosecute—strongly weighs against extending the time for service. In addition, the court finds that the sheer length of time that has elapsed without service—many multiples of the 90 days contemplated by Rule 4(m)—weights against a permissive extension.

To be sure, these additional considerations are not among those specifically identified by the Tenth Circuit's decisions addressing Rule 4(m). But this court does not believe that the considerations outlined in these decisions were intended as an exhaustive list of the factors a court may properly consider in exercising its discretion to determining whether a permissive extension of the time for service is warranted.

After weighing the considerations outlined above, the court concludes that a permissive extension of the time for service is not warranted in this case. For this reason, and because

Plaintiff has failed to file proof of service, the time for service prescribed by Rule 4(m) has long expired, and Plaintiff has failed to show good cause for his failure to serve process and file proof thereof in a timely manner, this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to enforce the settlement agreement is DENIED AS MOOT.

    IT IS SO ORDERED

Dated this 9th Day of July, 2020.

By the Court:

_____
Howard C. Nielson, Jr.
United States District Judge